IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00783-KLM

MICHAEL LEE GIGSTEAD,

  Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

  Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#10],[2] filed May 14, 2019, in support of Plaintiff's Complaint [#1] seeking review of the decision of the Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq. On June 13, 2019, Plaintiff filed an Opening Brief [#16] (the "Brief"). Defendant filed a Response [#17] in opposition, and Plaintiff filed a Reply [#18]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED and REMANDED**.

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. See [#13, #19].

[2] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

## I. Background

Plaintiff alleges that he became disabled on December 23, 2015. Tr. 14.[3] On April 13, 2016, Plaintiff filed an application for disability and disability insurance benefits pursuant to Title II. Tr. 14. On May 16, 2018, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 25.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2021, and that Plaintiff had not engaged in substantial gainful activity ("SGA") from his alleged onset date of December 23, 2015. Tr. 16. The ALJ found that Plaintiff suffers from four severe impairments: (1) degenerative disc disease of the cervical spine; (2) status post fractured humerus of the right upper extremity; (3) right radial neuropathy; and (4) migraine headaches. Tr. 17. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." Tr. 18. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with additional restrictions:

> . . . he can frequently push and pull and handle with the right dominant upper extremity; occasionally climb ladders, ropes and scaffolds and crawl; frequently climb stairs and ramps, balance, stoop, kneel and crouch; occasionally reach overhead bilaterally; have only occasional exposure to extreme cold; and cannot wear a hard hat.

Tr. 19. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform any past relevant work but could perform the representative occupations of cashier II, routing clerk, and sales attendant. Tr. 23-24. She

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 10 through 10-16 by the sequential transcript numbers instead of the separate docket numbers.

therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 24. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. § 404.981.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within

the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. See *Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A. Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the

burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Id.* 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.      Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence

"if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff asserts that the ALJ erred in two primary ways. First, Plaintiff argues that "[t]he Commissioner erred in ignoring the Veteran Administration's [("VA")] Rating Decision, Comp & Pen Exam and underlying medical records and opinion in relation to Plaintiff's mental health issues, when performing the Commissioner's Step 2 analysis." *Brief* [#16] at 6. Second, Plaintiff argues that "the Commissioner erred in failing to properly weigh the VA Rating Decision, Comp & Pen exam and underlying medical records and opinion in relation to Plaintiff's painful cervical condition, headaches and migraines, and right arm condition by relying upon insubstantial evidence and vague criteria." *Id.*

The ALJ summarized the VA Rating as follows:

> On March 28, 2017, a letter from the Department of Veteran Affairs indicated that the claimant had a service-connected disability rating of 90%, but is totally and permanently disabled. On March 29, 2017, a letter indicated that he had a 10% service-connected disability rating due to limitation of pronation and supination of this right arm, a 50% service-connected disability rating due to migraine headaches with cervical spine degenerative joint disease and degenerative disc disease, a 30% service-connected disability rating due to anxiety disorder, mood disorder, and pain disorder. An October 5, 2017 report also indicated similar service-connected disability ratings.

Tr. 22 (internal citations omitted).

The Court notes at the outset that the regulations in this area of the law have been significantly altered for all claims filed on or after March 27, 2017. *See Gonzales v. Saul*, No. 19-93 SCY, 2020 WL 364843, at *5 (D.N.M. Jan. 22, 2020). Because Plaintiff filed his claim on April 13, 2016, the Court utilizes the prior versions of the relevant regulations and relies on cases interpreting the prior versions of those regulations. Pursuant to 20 C.F.R. § 404.1504 (effective prior to March 27, 2017):

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

Pursuant to 20 C.F.R. § 404.1512(b)(1)(v) (effective prior to March 27, 2017):

> Evidence is anything you or anyone else submits to us or that we obtain that relates to your claim. Evidence includes, but is not limited to: . . . Decisions by any governmental or nongovernmental agency about whether or not you are disabled or blind (see § 416.904) . . . .

20 C.F.R. § 404.1512(b)(1)(v) (effective prior to March 27, 2017). Finally, Social Security Ruling ("SSR") 06-03P, 2006 WL 2329939, at *6 (Aug. 9, 2006), provided:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

**A.     Mental Limitations**

Plaintiff argues that the ALJ erred by failing to evaluate the October 2016 opinion of VA psychologist Katherine Daum ("Daum") and related VA mental health records and by failing to account for the mental limitations noted in Dr. Daum's opinion in the formulation

of the RFC. *Brief* [#16] at 25-27. In relevant part, Dr. Daum stated:

> In my opinion, due to his psychiatric diagnosis, Veteran retains cognitive, emotional, and behavioral capacity to engage in simple tasks in a loosely supervised environment. Veteran could function in an environment that does not require him to be public-facing or work under time pressure. He could do something independently, or with minimal and loose supervision. Veteran would have significant challenges in a role that would require customer interaction or multitasking. He would need to minimize most external demands from the environment in order to minimize distraction.

Tr. 667.

Defendant concedes that the ALJ's failure to address this opinion was error but asserts that it was not reversible error because Plaintiff has not shown that he was harmed by the error. *Response* [#17] at 16. Defendant argues that "Plaintiff was not harmed because he could still perform a significant number of jobs even with the additional limitations identified by VA psychologist Daum." *Id.* Implicitly, Defendant appears to concede that, when including Dr. Daum's additional mental limitations, Plaintiff could not perform the requirements of cashier II or sales attendant but that Plaintiff could still perform the requirements of routing clerk, which has approximately 150,000 jobs nationally. *Response* [#17] at 17-18; Tr. 24.

Defendant asserts that the parameters opined by Dr. Daum are consistent with unskilled work. *Response* [#17] at 17. By definition, "[u]nskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). The mental demands of unskilled work are defined as follows:

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to: understand, carry out, and remember simple instructions; make judgments that are commensurate with the functions of unskilled work, i.e., simple work-related decisions; respond appropriately to supervision, coworkers and work situations; and deal with

-8-

changes in a routine work setting.

SSA POMS DI 25020.010(B)(3)(a), 2001 WL 1933437.

Without more, the Court cannot unequivocally say that, had the ALJ included Dr. Daum's mental limitations in Plaintiff's RFC, Plaintiff could still perform the requirements of a routing clerk. *See, e.g., Harrold v. Berryhill*, 714 F. App'x 861, 869-70 (10th Cir. 2017) (holding that an ALJ's failure to properly consider medical source opinions was not harmless where, "if credited by the ALJ on remand," they "could alter the ALJ's RFC determination and potentially change the outcome"). As the most glaring example, Dr. Daum opined that Plaintiff could not work under time pressure. Tr. 667. It is not clear from either the ALJ's decision or from the legal authority provided by Defendant that the particular job of routing clerk does not involve working under time pressure. Accordingly, the Court cannot find that the ALJ's conceded error in failing to address Dr. Daum's opinion was harmless, and remand for further consideration is appropriate on this basis.[4]

**B.  Physical Limitations**

Plaintiff next argues that "the Commissioner erred in failing to properly weigh the VA Rating Decision, Comp & Pen exam and underlying medical records and opinion in relation to Plaintiff's painful cervical condition, headaches and migraines, and right arm condition by relying upon insubstantial evidence and vague criteria." *Id.* In relevant part, the ALJ here stated:

> The undersigned notes that the standards used by the Department of

---

[4] The Court does not offer further instruction to the ALJ beyond directing that Dr. Daum's opinion be properly considered. This may include revisiting some or all of steps two, three, four, or five, including the other opinion evidence, as deemed appropriate by the ALJ. The Court offers no opinion on whether proper consideration of Dr. Daum's opinion should alter the ALJ's decision at any step of her analysis or change the ALJ's ultimate determination that Plaintiff was not disabled during the period at issue.

>Veterans Affairs in determining disability are completely different than those used by the Social Security Administration; therefore, the undersigned is not bound by the findings set forth in the claimant's Rating Decision. Furthermore, the undersigned notes that an opinion on whether an individual is disabled goes to an issue reserved to the Commissioner and therefore cannot be given special significance; however, such opinions should still be considered in the assessment of the claimant's residual functional capacity. With this in mind, the undersigned has fully considered the findings contained within the Rating Decision, including the determination of the claimant's 90% disability rating. However, the undersigned gives little weight to such determination due to its inconsistency with the objective medical evidence and the other opinion evidence of record, which rely on standards used by Social Security. In addition, although the claimant complained of disabling back pain and right arm pain, he had mostly normal physical exams throughout the relevant period, and received significant relief from trigger point injections. Thus, the undersigned gives little weight to the Department of Veteran Affairs ratings.

Tr. 22-23 (internal citations omitted).

Although it is true that an ALJ is not required to give controlling weight to the disability ratings by the VA, she must determine the proper weight to give such findings by applying the factors in 20 C.F.R. § 404.1527. *See* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). The leading published case in this area of the law is *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005), where the Tenth Circuit Court of Appeals noted that the ALJ did not "engage [the claimant's] argument that, on the basis of the same medical evidence, the Veterans' Administration had found him to be significantly disabled from a slipped vertebra . . . ." The Tenth Circuit held that "it was reversible error for the ALJ to have failed to recognize that the VA had found [the claimant] to be seriously disabled." *Id.* at 1262. In short, "the disability determinations of other agencies [are] evidence to be considered by the Social

Security Administration." *Id.* at 1263.

Unlike in *Grogan*, the ALJ here discussed the VA rating but found it of "little probative value because of the differing standards that apply to VA disability determinations." *See Green v. Commissioner, SSA*, 734 F. App'x 600, 603 (10th Cir. 2018). Thus, "[t]he question is whether the ALJ provided sufficient consideration to the VA's determination." *Id.* Although "an ALJ is not required to discuss every piece of evidence," she "must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects." *Id.* (quoting *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (internal quotation marks omitted)). "This duty seems particularly significant where another agency has relied on significant, probative evidence as the basis for its disability determination . . . ." *Id.* (citing *Grogan*, 399 F.3d at 1262 ("Although another agency's determination of disability is not binding on the Social Security Administration . . . it is evidence that the ALJ must consider and explain why [s]he did not find it persuasive.").

Throughout her analysis, the ALJ relies almost exclusively on eight pages from five medical records to support her decision to give little weight to four of the medical opinions and to the VA Rating. Tr. 21-23 (repeatedly citing Tr. 488, 611, 645-48, 770, 803). Plaintiff argues, in short, that the three records characterized by the ALJ as showing "mostly normal physical exams" are "unfathomably vague in their application, such that they can provide no signpost or direction as to what the ALJ was thinking in rejecting the VA rating, Comp & Pen exam, the opinions of Dr. Shih, or, frankly, the opinion of treating doctor, Kris Johnson, MD." *Brief* [#16] at 29 (referring to Tr. 488, 645-48, 803). Plaintiff further argues that the two records characterized by the ALJ as showing "significant relief from trigger

point injections" are "undermined by the records themselves, which show either no result or temporary or partial relief," and in addition "do not refute the VA findings and conclusions." *Brief* [#16] at 29-30 (referring to Tr. 611, 770).

The Court agrees that, without more, following the ALJ's reasoning as to these records is not entirely clear, and thus determining whether substantial evidence underlies the ALJ's reasoning in giving the VA Rating "little weight," is not possible. The ALJ states that Plaintiff "has mostly normal physical exams throughout the relevant period . . . ." Tr. 23 (citing Tr. 488, 645-48, 803). However, the October 12, 2017 emergency room examination results relied on by the ALJ appear to be of a very general nature. Tr. 803. Plaintiff went to the emergency room due to back pain, Tr. 801, and the results on the page of the medical record cited by the ALJ appear to be a high-level check on that issue only, aside from Plaintiff's vital signs. Tr. 803. Regarding the January 26, 2016 physical examination, there does not appear to be any medical opinion that the physical examination was "mostly normal," there is no comparative data to what is "normal," and there is no indication what the ALJ's statement of "mostly normal" means or whether that variation from "normal" should have had an impact on the ALJ's decision. Tr. 488. In fact, this record only indicates normalness in connection with (1) breathing, (2) neck curvature, and (3) muscle tone and bulk. Tr. 488. There is no indication whether other findings, such as neck palpation, range of movement, and maneuvers, are "normal," "mostly normal," or otherwise. Tr. 488. Thus, the Court finds that a clearer explanation of the ALJ's reasoning is required.

The two pieces of evidence on which the ALJ relied in connection with trigger point injections include more clear-cut statements. *See* Tr. 611 (stating that "[p]rior [trigger point

injections] worked well after they took effect and lasted . . . approx[.] 3 months"), 770 ("He states that over all of the injection[s] he has undergone in the past, these seem to give him the best overall benefit, however, they do not last for 3 months - usually lasting 2 months."). Plaintiff concedes that "[i]t is hard to deny that there is some relief," but, after thoroughly canvassing the evidence, he concludes that the injections do "not seem to be effective except only occasionally, partially and temporarily." *Brief* [#16] at 29. He asserts that "the more important question is whether the temporary relief actually serves to refute the findings of the VA Comp & Pen exam and the fact that he still suffers headaches every day (presumably of lesser intensity after injections) and still 3-4 debilitating migraines every month." *Id.* Having reviewed this evidence, *see, e.g.*, Tr. 584, 594, 611, 809, the Court finds that a clearer explanation of the ALJ's reasoning here in connection with the VA disability rating is also required.

"Although the ALJ was not bound by the VA's conclusion that [the claimant's] combined symptoms were disabling, [s]he was required to give the VA's determination, and the evidence underlying it, more than a cursory treatment and a perfunctory dismissal." *Green*, 734 F. App'x at 605. The Court finds that, on remand, the ALJ should provide a more complete discussion regarding the evidence underlying the VA's determination and how the evidence she relies on in making her decision supports or refutes the VA's rating regarding Plaintiff's asserted disability status.[5]

## IV. Conclusion

For the foregoing reasons,

---

[5] Again, the Court offers no opinion regarding the correctness of the ALJ's ultimate decision regarding whether Plaintiff is disabled. The Court merely states that a more thorough explanation here is required.

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.[6]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). See *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1153 (D. Colo. 2015).

IT IS FURTHER **ORDERED** that the Clerk of Court shall **enter** judgment in favor of Plaintiff and **close** this case.

Dated: March 16, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[6] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. See *Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. See, e.g., *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).